IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| FirstPlus Financial Group, Inc., | § | |
| | § | |
| DEBTOR | § | |
| | § | |
| _____ | § | |
| | § | Civil No. 3:10-CV-0433-K |
| William Maxwell; William Maxwell, | § | |
| PLLC; Learned Associates of North | § | |
| America LLC; Michael Cordova; Seven | § | |
| Hills Management, LLC; Svetlana | § | |
| Pelullo Revocable Deed of Trust; and | § | |
| LandL Holdings, LLC, | § | |
| | § | |
| APPELLANTS, | § | |
| | § | |
| v. | § | |
| | § | |
| Matthew D. Orwig and FirstPlus | § | |
| Financial Group, Inc., | § | |
| | § | |
| APPELLEES. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is an appeal from the bankruptcy court's final order of October 20, 2009, resolving the disputed Chapter 11 trustee election. For the following reasons, this Court **AFFIRMS** the bankruptcy court's order of October 20, finding the Chapter 11 Trustee election was not properly requested and confirming Mr. Matthew Orwig as the Chapter 11 Trustee.

ORDER – PAGE 1

I.      **Factual Background**

Debtor FirstPlus Financial Group, Inc. ("Debtor") filed for Chapter 11 bankruptcy on June 23, 2009 in the United State Bankruptcy Court for the Northern District of Texas. On July 14, the United States Trustee ("UST") moved for the appointment of a Chapter 11 trustee, to which Debtor agreed. On July 24, the bankruptcy court then directed the UST to appoint a Chapter 11 trustee; the UST appointed Appellee, Matthew D. Orwig ("Mr. Orwig"). Several creditors formed the Ad Hoc Creditors' Committee ("Ad Hoc Committee") and, through attorney William Maxwell (collectively "Appellants"), objected to Mr. Orwig's appointment. On August 11, Appellants moved to strike the appointment of Mr. Orwig and requested a trustee election. The UST held the election on September 18, and filed his report of Chapter 11 Trustee election controversy on September 23. A hearing on the election contest was held on October 9, 2009. On October 20, the bankruptcy court entered an order, which is the subject of this appeal, finding that Appellants' election request had not met the requirements of the bankruptcy code, 11 U.S.C. § 702(b), because those creditors of the Ad Hoc Committee were not eligible to vote under § 702(a) and did not hold at least 20 percent of eligible creditors' claims. For that reason, the court confirmed Mr. Orwig's appointment as the Chapter 11 Trustee. On October 29, Appellants filed a motion to alter or amend the court's October 20th order, which the bankruptcy court denied on November 19. Appellants then filed their notice of appeal.

II.     **Applicable Law**

   A.     **Issues on Appeal**

In its Statement of Issues and Designation of Record on Appeal, Appellant listed the following issues as being presented on appeal: (1) whether the bankruptcy court is required to issue a findings of facts and conclusions of law to support its order; and (2) whether the bankruptcy court abused its discretion in the determination of the Chapter 11 Trustee election contest. *See* Mini Record, Vol. 1, Appellant's Stmt. of Issues at p. 1.  In its appellate brief, Appellant presents the following list of issues on appeal:

> 1. The election contest was properly held. Gregory Milligan was the only nominated candidate. Gregory Milligan was the only candidate properly up for election. The only votes permitted to be cast were voted for Gregory Milligan. Gregory Milligan was properly elected as the Chapter 11 Trustee. The [Bankruptcy] Court abused its discretion when it ruled that Matthew Orwig was to remain as Chapter 11 Trustee.;
> 2. Whether the Interim Chapter 11 Trustee may simply object [sic] claims against the estate, without evidence, without proper basis, simply to ensure its position, in a clear breach of fiduciary duties to the creditors and the estate?; and
> 3. Whether Matthew Orwig, interim Chapter 11 Trustee owes a duty of good faith to the Court and debtor's estate and creditors? And whether the Chapter 11 Trustee duty of good faith extends to its filings.

Appellant's Brief at p. 8.

Issues two and three in Appellant's brief are not listed in its Statement of Issues filed December 9, 2009. The Fifth Circuit explicitly held that Federal Rule of Bankruptcy Procedure 8006 prevents this Court from considering any issues not listed in the appellant's statement of issues on appeal. *In re GGM, P.C.*, 165 F.3d 1026, 1031-32 (5th Cir. 1999)(even if issue is argued before and ruled on by bankruptcy court, issue

is not preserved for appellate purposes unless it is included in statement of issues on appeal); *see also Conner v. First Nat'l Bank-Haskell*, No. 3:07-CV-294-M, 2008 WL 2714243, *2 (N.D. Tex. July 11, 2008)(Lynn, J.), *aff'd by In re Conner*, 309 Fed. Appx., 2009 WL 270046 (5th Cir., Feb. 5, 2009).  Since they were not listed in the statement of issues on appeal, the Court will not address Appellants' second and third issues except to overrule them for failure to preserve the issue for appeal.  *See Brunswick Homes, LLC v. Mims*, No. 4:07-CV-421, 2008 WL 4500360, *2, fn. 4 (E.D. Tex. Sept. 30, 2008); *Conner*, 2008 WL 2714243, at *2 (issues not preserved for appeal do not provide a basis for reversal so the court will not consider them).

Appellants presented a second issue on their Statement of Issues, specifically whether the bankruptcy court is required to issue findings of facts and conclusions of law to support its order.  Appellants did not address this as an issue in their appellate brief.  The Court cannot consider this issue on appeal because Appellants waived this issue by failing to brief it, presenting no argument to the Court.  *See Good v. RMR Investments, Inc.*, 428 B.R. 249, 252 fn. 2 (E.D. Tex. 2010)(citing *Gen. Elec. Capital Corp. v. Acosta (In re Acosta)*, 406 F.3d 367, 374-75 (5th Cir. 2005)(merely listing an issue in an appellant's statement of issues on appeal does not preserve the issue on appeal where no argument was presented to the court in appellant's brief)).

Therefore, the only issue on appeal properly before this Court is whether the bankruptcy court abused its discretion in its determination of the Chapter 11 Trustee election contest.

### B.  Chapter 11 Trustee Election

Section 1104(b) of Chapter 11 of the United States Code addresses requests to elect a Chapter 11 trustee:

> (b)(1) Except as provided in section 1163 of this title, on the request of a party of interest made not later than 30 days after the court orders the appointment of a trustee under subsection (a), the United States trustee shall convene a meeting of creditors for the purpose of electing one disinterested person to serve as trustee in the case.  The election of the trustee shall be conducted in the manner provided in subsections (a), (b), and (c) of section 702 of this title.
> (b)(2)(A) If an eligible, disinterested trustee is elected at a meeting of creditors under paragraph (1), the United States trustee shall file a report certifying this election.
> (B) Upon the filing of a report under subparagraph (a)—
> (i) the trustee elected under paragraph (1) shall be considered to have been selected and appointed for purposes of this section; and
> (ii) the service of any trustee appointed under subsection (d) shall terminate.
> (C) The court shall resolve any dispute arising out of an election described in subparagraph (a).

11 U.S.C. § 1104(b).

Section 702 addresses the election itself of the trustee:

> (a) A creditor may vote for a candidate for trustee only if such creditor—
> (1) holds an allowable, undisputed, fixed, liquidated, unsecured claim of a kind entitled to distribution under section 726(a)(2), 726(a)(3), 726(a)(4), 752(a), 766(h), or 766(I) of this title;
> (2) does not have an interest materially adverse, other than an equity interest that is not substantial in relation to such creditor's interest as a creditor, to the interest of creditors entitled to such distribution; and
> (3) is not an insider.
> (b) At the meeting of creditors held under section 341 of this title, creditors may elect one person to serve as trustee in the case if election of a trustee is requested by creditors that may vote under subsection (a) of

> this section, and that hold at least 20 percent in amount of the claims specified in subsection (a)(1) of this section that are held by creditors that may vote under subsection (a) of the section.

11 U.S.C. § 702.

The UST held the Chapter 11 Trustee election upon request of Appellants. Thereafter, the UST filed his report of Chapter 11 Trustee election controversy in which he stated he was unable to certify the election for several reasons, including the eligibility of the creditors to request and/or vote in the election. Consequently, a hearing on the election contest was held by the bankruptcy court as provided for in section 1104(b)(2)(C).

The court entered an order after the conclusion of the hearing. In its order, the bankruptcy court addressed as a threshold matter whether the election request was properly made. As part of this analysis, the court first determined the amount of creditors' claims necessary to request an election. The court then looked to the eligibility of the Ad Hoc Committee creditors that requested the election to vote: Learned Associates of North America, LLC; Michael Cordova; the Svetlana Pelullo Revocable Deed of Trust dated December 6, 1996; Seven Hills Management, LLC; L and L Holdings, LLC; ETCG; the Woodson Smith Group; and REFI. The court addressed each creditor separately in its order. Based upon the evidence presented before and at the hearing, including the written and oral objections of Mr. Orwig, the court found that each creditor, for various and sometimes multiple reasons, was ineligible to vote under

section 702(a). Therefore, the election request was not properly made and Mr. Orwig's appointment was confirmed.

This Court reviews the bankruptcy court's decisions regarding trustee elections for an abuse of discretion. *See In re American Eagle Mfg., Inc.*, 231 B.R. 320, 327 (9th Cir. 1999); *In re Aspen Marine Group*, 189 B.R. 859, 862 (Bankr. S.D. Fla. 1995). After review of the record and the appellate briefs, this Court cannot conclude that the bankruptcy court abused its discretion when it found each of the creditors in the Ad Hoc Committee that requested the election was ineligible to vote under section 702(a) for the following reasons:

1. Learned Associates of North America, LLC could not satisfy section 702(a) because its claim was objected to by Mr. Orwig, it was disputed, contingent, and unliquidated, and this creditor held shares of restricted stock in the Debtor;

2. Mr. Michael Cordova could not satisfy section 702(a) because his unsecured claim was objected to by Mr. Orwig, and it was disputed, contingent, and unliquidated;

3. Seven Hills Management, LLC could not satisfy section 702(a) because its claim had been objected to by Mr. Orwig, it was disputed, contingent, and unliquidated, and this creditor held shares of restricted stock in the Debtor;

4. The Svetlana Pelullo Revocable Deed of Trust could not satisfy section 702(a) because its claim, although originally listed as secured, was amended to list it as unsecured, it was objected to by Mr. Orwig, and it was disputed, contingent, and unliquidated;

5. L and L Holdings, LLC could not satisfy section 702(a) on any of its three claims, which were originally filed as secured, but were amended to list the claims as unsecured, the claims were objected to by Mr. Orwig, and they were disputed, contingent, and

>   unliquidated. In addition, within 90 days of the bankruptcy petition, it abstracted judgments against the Debtor; and
>
> 6. The Woodson Smith Group, joined by REFI and ETCG, could not satisfy section 702(a) as their claims were objected to by Mr. Orwig for lack of documentation.

Because these creditors were disqualified under section 702(a), their election request was invalid in light of the requirements of section 702(b). The court did not abuse it discretion in making these findings, nor in resolving the election contest in favor of Mr. Orwig as a result. Therefore, this Court affirms the bankruptcy court's order.

### III.  Conclusion

The Court **affirms** the bankruptcy court's October 20 order finding the election was not properly requested and resolving the election contest in favor of Mr. Orwig as Chapter 11 Trustee, presented as Appellants' first issue on appeal. The Court **overrules for failure to preserve the issues** Appellants' second and third issues on appeal as presented in their appellate brief.

**SO ORDERED.**

Signed July 23rd, 2010.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 8